The document below is hereby signed.

Signed: August 6, 2014



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
BELTWAY LAW GROUP, LLP,            )    Case No. 14-00380
a/k/a American Law Partners,       )    (Chapter 7)
                                   )
            Debtor.                )

MEMORANDUM DECISION RE ORDER DISMISSING CASE

The court has dismissed this case for the following reasons.

Susan Ray filed the involuntary petition commencing this case and asserts that she was entitled to do so pursuant to § 303(b)(3) of the Bankruptcy Code (11 U.S.C.) because the debtor is a partnership and she is a general partner of the debtor. However, because none of the debtor's partners is liable by virtue of such status for the debtor's debts, the debtor is *not* a "partnership" and Susan Ray is *not* a "general partner" as those terms are used in § 303(b)(3). Accordingly, the court was required to deny the petition and dismiss the case.

I

As will be seen, the definition of "corporation" in the Bankruptcy Code makes evident that the classification of an

entity as a corporation versus a partnership turns not on state law labels but on whether at least one of the partners of the partnership has liability for some of the debts of the partnership by virtue of being a partner.  Whether such liability exists is controlled by nonbankruptcy law, here, District of Columbia law.  And, under the District's laws, none of the debtor's partners is liable for any debts of the debtor by virtue of being a partner or other member of the debtor.

The analysis begins with an examination of the District's laws.  Under District of Columbia law, the partners in an LLP are not liable for the debts of the LLP by reason of being partners. D.C. Code § 29-603.06(c) (2011) provides in relevant part:

> An obligation of a partnership incurred while the partnership is a limited liability partnership, whether arising in contract, tort, or otherwise, shall be solely the debt, obligation, or other liability of the partnership. A partner shall not be personally liable, directly or indirectly, by way of contribution or otherwise, for such a debt, obligation, or other liability solely by reason of being or so acting as a partner.

Turning to the Bankruptcy Code, it provides that the term "corporation" includes, among other things, a "partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association."  11 U.S.C. § 101(9)(A)(ii).  Thus, because District of Columbia law makes only the capital subscribed by partners responsible for the debts of a limited liability partnership, and makes partners of

2

the LLP not liable for the debts of the LLP by reason of being partners, a District of Columbia LLP (like the debtor here) is treated as a "corporation" under the Bankruptcy Code, not as a partnership.

The principle that a partnership entity that meets the definition of "corporation" in § 101(9) is *not* a partnership is elucidated not only by § 101(9) itself, but also by two other provisions of the Bankruptcy Code.  First, 11 U.S.C. § 723(a) empowers the trustee of an insolvent estate of a "partnership" to assert a claim against each general partner for the debts for which the general partner is liable.  It would make no sense to treat § 723(a) as applicable to a corporation as defined in § 101(9) (including a District of Columbia limited liability partnership) when (whether labeled by state law as shareholders, partners, or some other term) the members of that corporation by definition have no liability for the debts of the corporation by reason of being members of the corporation.  Second, 11 U.S.C. § 502(a) provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a **creditor of a general partner in a partnership** that is a debtor in a case under chapter 7 of this title, objects.

(Emphasis added.)  In recognition that every dollar paid on a disallowable claim against an insolvent partnership increases by a dollar the extent to which the partnership estate is deficient

3

to pay the partnership's debts, and leaves the general partner with one more dollar of liability for unpaid debts (to the detriment of that general partner's creditors), this provision confers standing on a general partner's creditor to object to claims filed against the partnership estate.  It would make no sense to treat a limited liability partnership like the debtor here, meeting the definition of a corporation, as a partnership to which § 502(a) applies.  A partner of such an LLP has no liability for the debts of the LLP, and conferring standing on a creditor of that partner to object to claims against the insolvent LLP would not benefit the creditor: reducing the claims against the LLP would not benefit the creditor of the partner because it would not result in a reduction of the claims against the partner.[1]

---

[1]  In the case of a corporate debtor whose estate is solvent, its shareholders would benefit from a reduction of the claims against the estate, to the indirect benefit of a creditor of one of those shareholders.  Congress did not see fit to confer standing on such creditors of a shareholder to object to claims against the estate of the corporate debtor.  There is no reason to think that it intended by the use of "partnership" in § 502(a) to confer on creditors of a partner of an LLP that is a corporation under the Bankruptcy Code a right that it did not confer on creditors of owners of other corporate debtors.  Moreover, the legislative history to § 502(a) makes evident that § 502(a) arose from Congress's concern that partners of an insolvent partnership estate would be subject to being sued by the trustee of the partnership under § 723(a) to collect the deficiency, and that, accordingly, the creditors of a general partner should be allowed to object to claims against the estate of the partnership debtor. *See* H.R. Rep. No. 95-595, at 352 (1977) *reprinted in* 1978 U.S.C.C.A.N. 5963; S. Rep. No. 95-989, at 62 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787.

In contrast to an LLP under District of Columbia laws, an entity that has at least one partner who *is* liable for at least some of the debts of the partnership by virtue of being a partner is *not* a corporation.  Instead, such an entity is treated by default as a partnership whenever the term "partnership" is used elsewhere in the Bankruptcy Code, including in § 303(b)(3). Illustratively, 11 U.S.C. § 101(9)(B) expressly provides that a limited partnership (quite a different beast from a limited liability partnership) is *not* a corporation.[2]  Under District of Columbia law, a limited partnership must have at least one limited partner and one general partner.  In the case of a limited partner in a limited partnership, only the capital subscribed by a limited partner is responsible for the debts of the limited partnership.  A general partner of the limited partnership, however, is liable for the debts of the partnership by reason of being a general partner.  *See* D.C. Code §§ 29-702.01(c), 29-703.03 and 29-704.04(a).  As a result, that entity is expressly not a corporation (and is treated as a partnership) under the Bankruptcy Code.

To sum up: if an LLP meets the § 101(9) definition of

---

[2]  The inclusion of a specific reference to limited partnerships, but not limited liability partnerships, within the Bankruptcy Code may be explained by the fact that limited liability partnerships did not exist when the Bankruptcy Code was enacted in 1978, while limited partnerships did exist. *See* Collier's on Bankruptcy ¶ 303.17[6] (16th ed.).

5

"corporation," it should not be treated as a "partnership" under § 303(b)(3). As noted in Collier's on Bankruptcy ¶ 303.17[6]:

> [I]n view of [section 303(b)(3)'s] purpose, which is to protect general partners who are exposed to personal liability for partnership obligations by enabling them to preserve the value of partnership assets through bankruptcy, section 303(b)(3) should not be available to LLP partners who are not personally liable for partnership debts. In this context, it would not make sense to distinguish partners in an LLP from shareholders in a corporation.

Because District of Columbia law makes only the capital subscribed by partners responsible for the debts of a limited liability partnership, and makes partners of the LLP not liable for the debts of the LLP by reason of being partners, a District of Columbia LLP is treated as a "corporation" under the Bankruptcy Code, not as a partnership. As a corporation it was not a "partnership" as that term is used in § 303(b)(3).

                                II

Section 101(9) also sheds light on the meaning of "general partner" in the Bankruptcy Code. As noted above, the difference between limited partners and general partners in a limited partnership is that limited partners have no liability for the debts of the partnership by reason of being partners, whereas general partners do. *See* D.C. Code §§ 29-703.03 and 29-704.04(a).

Section 303(b)(3) allows a general partner (as opposed to a limited partner if the debtor is a limited partnership) to file

6

an involuntary petition against the debtor.  It is apparent that § 303(b)(3) uses the term "general partner" as meaning a partner with liability for at least some of the partnership's debts by reason of being a partner.  A partner in a District of Columbia LLP has no liability for the partnership's liabilities by reason of being a partner, and, accordingly, Susan Ray is not a "general partner" of the debtor as that term is used in § 303(b)(3).

It does not matter that a partner in a limited liability partnership is arguably labeled a "general partner" under District of Columbia law,[3] as federal law, not state law labels, determines whether a partner is a "general partner" under § 303(b)(3).  *See, e.g.*, *United States v. National Bank of Commerce*, 472 U.S. 713, 726-27, 105 S. Ct. 2919, 2927-28, 86 L. Ed. 2d 565 (1985) (state law creates rights, but federal law determines whether those rights constitute "property" under 26 U.S.C. § 6321), *cited in In re Guardian Realty Group, LLC*, 205 B.R. 1 (Bankr. D.D.C. 1997) ("the court must look to the substance of state law rights, not merely the label that state law places on them").  Here, the substance of state law is that a partner in an LLP is not liable by reason of that status for the

---

[3] D.C. Code § 29-101.02(16) defines the term "general partnership" as including a limited liability partnership, and D.C. Code § 29-609.01(1), for purposes of only the subchapter addressing mergers and internal exchanges, defines the term "general partner" to mean a partner in a partnership (which includes limited liability partnerships) and a general partner in a limited partnership.

7

debts of the LLP; thus, even though the entity is created by state law and has the word "partnership" in the entity name, no "partnership" exists as that term is used in § 303(b)(3), and federal law treats such a partner as not being a "general partner" as that term is used in § 303(b)(3).

Nor does it matter, as Susan Ray argues, whether she was a person in control of the debtor, and thus should be deemed a general partner in the colloquial sense of that term.  The Bankruptcy Code treats a partner as a general partner based on whether the partner has liability for the debts of the partnership by reason of being a partner, not based on whether the partner was in control of the partnership.

However, while I have concluded that the debtor, as an LLP, is a corporation for purposes of the Bankruptcy Code, it is also necessary to examine all prior incarnations of the debtor to determine whether the partners are liable by virtue of being partners for debts incurred during any such prior incarnation – the issue to which I next turn.

                                III

If, prior to becoming a limited liability partnership, a debtor had been a partnership as that term is used in the Bankruptcy Code (meaning a partnership for which at least one partner had liability as such for at least some of the debts of the partnership) and not a corporation as defined in § 101(9),

8

and if it still owes debts of the partnership, its status as a partnership with respect to those debts would remain in place. Otherwise its general partners would escape the effects of 11 U.S.C. § 723(a). As will be seen, the debtor has always been a type of entity whose members, under District of Columbia law, are not personally liable for the debts of the entity by reason of being members of the entity, and as such was never a "partnership" for purposes of § 303(b)(3).

At the hearing of July 24, 2014, the petitioner conceded that the debtor, an entity created under District of Columbia law, was originally a limited liability company, Beltway Law Group, LLC, before it was converted to a limited liability partnership, Beltway Law Group, LLP.[4] The debtor, as a converted entity, remains the same entity, liable for the debts of the converted entity. D.C. Code § 29-204.06 ("Effect of conversion") provides in relevant part:

>   (a) When a conversion becomes effective:
>
>       (1) The converted entity shall be:
>
>           . . .
>
>           (B) The same entity without interruption as the converting entity;
>
>       (2) All property of the converting entity shall continue to be vested in the converted entity without transfer, reversion, or impairment;

---

[4] Conversion of the LLC to an LLP was authorized by D.C. Code § 29-204.01(a)(1).

> (3) All liabilities of the converting entity shall continue as debts, obligations, or other liabilities of the converted entity[.]

*See also* D.C. Code § 29-602.01(b) ("A limited liability partnership shall continue to be the same entity that existed before the filing of a statement of qualification under § 29-610.01." ). It is thus necessary to address whether the partners were liable for the debts of the debtor as members of the LLC.

The partners of the debtor were members of the LLC, but were not liable for the debts of the LLC by reason of being members. D.C. Code § 29-803.04 provides in relevant part:

> (a) The debts, obligations, or other liabilities of a limited liability company, whether arising in contract, tort, or otherwise shall:
>
> . . .
>
> (2) Not become the debts, obligations, or other liabilities of a member or manager solely by reason of the member acting as a member or manager acting as a manager regardless of the dissolution of the company.
>
> . . .
>
> (c) With respect to members of professional limited liability companies, a member shall be personally liable and accountable only for any negligent or wrongful acts or misconduct committed by the member, or by any individual under the member's supervision and control in the rendering of professional service on behalf of a professional limited liability company organized under this chapter.

Although a member of a professional LLC may be liable for the negligent or wrongful acts or misconduct of an individual under

the member's supervision and control in the rendering of professional services, that liability is imposed by reason of the member's supervising and controlling an underling (a form of strict liability that can be avoided by not using underlings), and is not a liability imposed purely by reason of the member being a member of the LLC.

As a limited liability company, the debtor was a corporation, not a partnership, because the term "corporation" includes an "association having a power or privilege that a private corporation, but not an individual or a partnership, possesses." 11 U.S.C. § 101(9)(A)(i). Accordingly, at all times the debtor has been a corporation, not a partnership, and § 303(b)(3) does not apply to it.

## IV

For all of these reasons, the petition had to be denied and the case dismissed.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders;

Susan Ray
2626 Glenwood Avenue, #485
Raleigh, NC 27608
(via hand-mailing by clerk)