**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE BELTWAY LAW GROUP, LLP, <br>    a/k/a American Law Partners LLP, <br><br>                    Debtor. | Case No. 14-380 <br> Chapter 7 |

**MOTION TO COMPEL DISCOVERY; NOTICE OF DEADLINE TO FILE AND SERVE OBJECTION TO MOTION**

Marc Chafetz, Managing Partner of Putative Debtor Beltway Law Group, LLP ("***Beltway***"), and Beltway itself, by and through undersigned counsel, hereby moves for an order compelling Petitioner Susan Ray to produce certain documents and answer certain interrogatories, as follows:

**ARGUMENT**

**I.  Mrs. Ray Cannot Unilaterally Change Beltway's Interrogatories In Order to Avoid Answering the Relevant Questions**

In order for the Court to award relief in Mrs. Ray's involuntary petition against Beltway, Mrs. Ray would have had to prove that Beltway "[wa]s generally not paying [its] debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(h).  Accordingly, on July 25, 2015, Beltway served two simple Interrogatories on Mrs. Ray designed to uncover the factual basis for the belief necessarily implied by her filing:

- Identify each of Beltway's Creditors, as of July 3, 2014. . . . The term "**Creditor**" includes any legal person to whom Beltway owes any debts that are not the subject of a bona fide dispute as to liability or amount.[1]

---

[1] If the definition of "Creditor" were incorporated directly into the Interrogatory, the Interrogatory would read as follows: "Identify each legal person to whom Beltway owes any debts that are not the subject of a bona fide dispute as to liability or amount, as of July 3, 2014."

- For each of Beltway's Creditors, identify (a) the amount of debts owed by Beltway to that Creditor; (b) the amount and date(s) of any payments due to the Creditor; and (c) the amount and date(s) of any payments made by or on behalf of Beltway to that Creditor.

Ex. 1.

Mrs. Ray's response avoided answering the relevant question by redefining the term "Creditor" to broadly mean one who owes a debt to another:

> Mrs. Ray objects to BLG's definition of 'Creditor.' . . . A person to whom a debt is owing by another person, called the "debtor." Mohr v. Elevator Co., 40 Minn. 343, 41 N. W. 1074; Woolverton v. Taylor Co., 43 111. App. 424; Insurance Co. v. Meeker, 37 N. J. Law, 300; Walsh v. Miller, 51 Ohio St 462, 38 N. E. 381. The foregoing is the s trict legal sense of the term; but in a wider sense it means one who has a legal right to demand and recover from another a sum of money on any account whatever, and hence may include the owner of any right of action against another, whether arising on contract or for a tort, a penalty, or a forfeiture. Keith v. Hiner, 63 Ark. 244, 38 S. W. 13; Bongard v. Block, 81 111. 1S6, 25 Am. Rep. 276; Chalmers v. Sheehy, 132 Cal. 459, 64 Pac. 709, 84 Am. St Rep. 62; Pierstorff v. Jorges, 86 Wis. 128, 56 N. W 735, 39 Am. St Rep. 881. Classification. A creditor is called a "simple contract creditor," a "specialty creditor," a "bond creditor," or otherwise, according to the nature of the obligation giving rise to the debt.

Ex. 2, 2 & n.1. There is nothing wrong with this definition, *per se*. Chapter 11 itself defines the term more broadly than Beltway's Interrogatories: "The term 'creditor' means—(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor . . . ." 11 U.S.C.A. § 101(10).

But that is beside the point. "I don't like your question" is not a valid objection to an Interrogatory, and Mrs. Ray may not simply rewrite the question to avoid a damning answer. By rewriting the question, Mrs. Ray gave an answer that was evasive or, at best, incomplete. The Court should order her to answer the questions asked.

## II.    Documents Over Which Mrs. Ray Asserts Attorney-Client Privilege

On September 26, 2014, Beltway served the following Requests for Production on Mrs. Ray:

- All communications between Jeffrey Sherman and Petitioner Susan Ray or Mrs. Ray's other attorney A.P. Carlton, at any time between January 1, 2014 and July 4, 2014;

2

- All communications between A.P. Carlton and Mrs. Ray relating in any way to the involuntary petition in this case; and

- All communications between Jeffrey Sherman and John Ray relating to (i) the conversation between Mr. Sherman and the undersigned on June 26, 2014; and (ii) Mr. Ray's reasons for consenting to the dismissal of his own involuntary petition against Beltway.

Ex. 3.  Mrs. Ray responded with handful of documents and a privilege log identifying six responsive emails from June 10, 2014 through July 2, 2014 over which she asserted attorney-client privilege.  Ex. 4.  Five are emails between Mrs. Ray and A.P. Carlton, and the other email is between Mr. Ray and Mr. Sherman.  *Id.*

On July 25, 2015, Beltway served one additional document request on Mrs. Ray:

- All documents on which you (Susan Ray or her counsel) relied on or before July 3, 2004, to support the proposition that Beltway was generally not paying its debts—those not the subject of a bona fide dispute as to liability or amount—as they became due.

Ex. 5.  Mrs. Ray responded on September 4, 2015, by producing several documents that she claimed were relevant and responsive, but she made no objections, privilege-based or otherwise.  Ex. 6.

To the extent Mrs. Ray relies on attorney-client privilege to prevent disclosure of communications—directly or indirectly—with attorneys about the *factual* basis for her involuntary petition before it was filed, those objections should be overruled.

### A. The Attorney-Client Privilege May Not Apply; the Court Should Review Documents *In Camera*

The attorney-client privilege "protects confidential communications made between clients and their attorneys when the communications are for the purpose of securing legal advice or services." *Overseas Private Inv. Corp. v. Mandelbaum,* 1998 WL 647208, at *1 (D.D.C. Aug. 19, 1998).  The privilege is specific and narrow; it does not automatically attach to all communications between an attorney and a client.  *See Athridge v. Aetna Casualty and Surety Co.,* 184 F.R.D. 200,

3

209 (D.D.C.1998) (affirming that the D.C. Circuit is "one of the Circuits which construe the attorney-client privilege strictly" and noting that "the strict-construction cases reason that a lawyer's communications can be privileged only derivatively—if disclosure of the lawyers' communications would reveal the content of the client's communication to the lawyer"). The privilege attaches to a *client's* communication with his or her attorney when the "communication was made for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceedings." *Overseas Private Inv. Corp.,* 1998 WL 647208, at *1 (quoting *In re Sealed Case,* 737 F.2d 94, 98–9 (D.C.Cir.1984)). The privilege attaches to an *attorney's* communication with his or her client "only insofar as the attorney's communications disclose the confidential communications from the client." *Evans v. Atwood,* 177 F.R.D. 1, 4 (D.D.C.1997) (quoting *Brinton v. Dep't of State,* 636 F.2d 600, 603–04 (D.C.Cir.1980)).

The substantive issue here is the *factual* basis for Mrs. Ray's involuntary bankruptcy petition against Beltway: whether Beltway was generally not paying its debts—those not the subject of a bona fide dispute—when they were due. This is in contrast to "an opinion of law" that would be protected by the privilege. *See Overseas Private Inv. Corp.*, 1998 WL 647208, at *1. At a minimum, Mrs. Ray should submit all documents over which she asserts the attorney-client privilege *in camera* so the Court may determine whether any of them fit into the doctrine.

### B. Mr. Ray Waived Any Privilege Over the Requested Documents

It is axiomatic that "[v]oluntary disclosure waives the attorney-client privilege because it is inconsistent with the confidential attorney-client relationship." *United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010) (citing *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)). Here, Mr. Ray voluntarily disclosed both the substance of his conversations with Mr. Sherman and his reasons for filing and consenting to the dismissal of his

4

involuntary bankruptcy petition against Beltway. *See* Ex. 7, 3-4 (email from Mr. Ray disclosing the same to the Arbitrator). Those communications are no longer privileged.

### III.     Mrs. Ray Waived Any Privilege Over the Requested Documents

The "attorney-client privilege is waived when the client places otherwise privileged matters in controversy," such as when a party "makes his intent and knowledge of the law relevant." *Minebea Co. v. Pabst*, 355 F. Supp. 2d 518, 522 (D.D.C. 2005). "The purpose of [this] doctrine is to prevent 'an abuse of the privilege,' that is, to prevent the confidentiality protected by the privilege from being used 'as a tool for manipulation of the truth-seeking process . . . . [A party asserting privilege] cannot be allowed, after disclosing as much as [it] pleases, to withhold the remainder.'" *Id.*, 355 F. Supp. 2d at 522 (alterations in original) (citation omitted).

That doctrine applies here. In the related Arbitration, Mr. Chafetz argued, *inter alia*, that "the Rays' two bankruptcy petitions [were] part of a pattern of delay." Ex. 8, 13-14 (capitalization altered). In response to that motion, Mrs. Ray invoked the "advice of counsel" defense no fewer than *eight* times, with regard to literally *all* of the factual allegations alleged in this matter. Ex. 9, 41 (regarding "escrow" of Beltway funds and payments to herself and her attorneys); *id.* at 45 ("Mrs. Ray retained Counsel and ultimately, upon the advice of counsel, initiated the Arbitration"); *id.* at 69-70, 106, 119, 125-27, 166-68 (denying she fraudulently converted Beltway funds by claiming a right to "reimbursement" and "compensation" because "[a]t all times, Mrs. Ray was acting upon the advice of counsel")[2]; *id.* at 136-42 (defending her "intent" with regard to a claim for punitive damages in general because "[a]t all times. [sic] Mrs. Ray was acting upon the advice

---

[2] Mrs. Ray continues to insist that she and her wholly-owned company are creditors of Beltway to recover these fraudulent amounts.

5

of counsel"). If a communication is relevant to these proceedings, then Mrs. Ray has waived any attorney-client privilege that might otherwise existed over it.

## CONCLUSION

For the foregoing reasons, this Court should order Mrs. Ray to bring all documents responsive to the aforementioned requests—including documents over which she has asserted privilege—to the hearing to be produced immediately.

## NOTICE

Beltway and Chafetz have filed a Motion to Compel Documents seeking to compel discovery or, in the alternative, strike certain arguments from your briefs, with the hearing set for October 14, 2015 at 10:30 a.m. and opposition briefs due on or before October 13, 2015.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not want the Court to grant the relief sought in the above-captioned motion, or if you want the Court to consider your views on the above-captioned motion, then:

- On or before October 13, 2014, you or your attorney may file with the Court a written objection to the above-captioned motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

- If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

- You must also mail a copy of your objection to:

                                                         Timothy R. Clinton (D.C. Bar no. 497901)
                                                         **CLINTON BROOK & PEED**

                                        1455 Pennsylvania Ave. N.W., Suite 400
                                        Washington, DC 20004

- If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the above-captioned motion and may enter an order granting relief. The Court will grant the above-captioned without a hearing, and may grant the above-captioned without waiting for your opposition.

September 29, 2015                                                    Respectfully submitted,

                                                             /s/
                                                   Timothy R. Clinton (D.C. Bar no. 497901)
                                                  **CLINTON BROOK & PEED**
                                                  1455 Pennsylvania Ave. N.W., Suite 400
                                                  Washington, DC 20004
                                                  (202) 621-1828 (tel)
                                                  (202) 204-6320 (fax)

## CERTIFICATE OF SERVICE

I, Timothy R. Clinton, hereby certify that on this date I caused a true and correct copy of the above document to be served upon Petitioner Susan Ray as follows:

**BY FIRST CLASS MAIL & E-MAIL**
Jeffrey Sherman, Esq., jeffreymsherman@gmail.com
*Counsel for Mrs. Ray*

Dated: September 29, 2015

                                      /s/ Timothy R. Clinton
                                      Timothy R. Clinton

## CERTIFICATION RE GOOD FAITH EFFORTS TO CONFER

I, Timothy R. Clinton, hereby certify that I made good faith efforts to confer with counsel for Mrs. Ray regarding the subject of this motion, in an effort to obtain complete answers and responses without court intervention. Those efforts were unsuccessful.

Dated: September 29, 2015

                                        /s/ Timothy R. Clinton
                                        Timothy R. Clinton