# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                           )
IN RE BELTWAY LAW GROUP, LLP,              )
   a/k/a American Law Partners LLP,       )   Case No. 14-380
                                           )   Chapter 7
                 Debtor.                   )
_____)

## MOTION TO COMPEL DISCOVERY; NOTICE OF DEADLINE TO FILE AND SERVE OBJECTION TO MOTION

Marc Chafetz, Managing Partner of Putative Debtor Beltway Law Group, LLP ("***Beltway***"), and Beltway itself, by and through undersigned counsel, hereby moves for an order compelling Petitioner Susan Ray to produce certain documents, as follows:

## BACKGROUND

On September 14, 2016, the Court issued a memorandum decision and order ruling that Mrs. Ray had waived the attorney-client privilege regarding certain categories of documents:

> It follows that [Ms. Ray] has waived the [attorney-client] privilege with respect to the subject matter of that disclosure. I conclude that the subject matter of that disclosure includes communications regarding the handling of client fees and the appropriate account into which such fees should be deposited.

Order, Dkt No. 124, at 9.

> In this instance, Ms. Ray disclosed a confidential communication in support of her assertion that she was acting on the advice of counsel in her handling of the funds. She describes a conversation between her and her attorney about fee settlements and the propriety of those settlements being deposited in IOLTA accounts. Having disclosed this confidential communication to defend against allegations of mishandling of funds, Ms. Ray has waived the attorney-client privilege as to communications relating to the subject of the proper way to handle fee settlements.

*Id.* at 14.

> As already discussed above, having disclosed this confidential communication to defend against allegations of mishandling of funds, Ms. Ray has waived the attorney-client privilege as to communications relating to the subject of the proper way to handle fee settlements.

*Id.* at 15. The day after this Order was issued (September 15, 2016), counsel for Beltway issued two additional Requests for Production tailored to capture only those documents that the Court ruled were not privileged:

> **Request No. 5.**  All communications with any attorney regarding the handling of Beltway client fees, including but not limited to the client fees paid by the Sizemore law firm in September or October 2013.
>
> **Request No. 6.**  All communications with any attorney regarding the account into which such fees described in Request Number 5 should be deposited, including but not limited to the client fees paid by the Sizemore law firm in September or October 2013.

Ex. A.

Ms. Ray's deadline to file objections and responses fell on Tuesday, October 18, 2016. The next day, undersigned counsel emailed counsel for Ms. Ray (Mr. Sherman) to remind him of his duty to "ensure that her production is complete," including the obligation to search emails in the custody of Ms. Ray's current or former attorneys (e.g., Mr. Carlton and Ms. Simon). Ex. B, at 2–4. Mr. Sherman refused to make any "representation concerning the documents," *id.* at 3, or "with respect to actions taken in the course of [his] representation of Ms. Ray." *Id.* at 2. When undersigned counsel stated, under the circumstances, "it is fair to infer (1) that [Mr. Sherman] did nothing to independently verify that Ms. Ray's production to [Mr. Sherman was] complete; and (2) that [he has] taken no steps to obtain responsive documents from Ms. Ray's other attorneys," Mr. Sherman replied: "Whatever assumptions you choose to make, whatever unilateral yardsticks you choose to erect, is up to you. I am not, and will not and do not consider myself, bound by your ultimata [sic] or your conclusions." *Id.* at 1.

Two days after that, Ms. Ray sent unsigned and untimely objections and responses on October 21, 2016 asserting more than a dozen general objections, along with a number of specific objections to the two requests. Ex. A. Along with her objections, Ms. Ray produced three

2

documents that she claimed were responsive: (1) an email between Mr. Chafetz and an attorney at the Sizemore Law Firm; (2) an unsent draft memorandum that Mr. Chafetz produced to Ms. Ray in the Arbitration; and (3) a letter from one of Beltway's co-counsel law firms to undersigned counsel, Mr. Clinton. Ms. Ray produced no communications between or among herself or her attorneys (Mr. Carlton or Ms. Simon) concerning the subject matters requested, provided no privilege log, and certified that "no documents have been withheld from production on the basis of the objections stated herein." Ex. A, at 4–5.

On October 24, 2016, counsel for Ms. Ray produced a signed verification from Ms. Ray, Ex. C, but no signature from her counsel Mr. Sherman.

In attempt to avoid burdening the Court, Beltway delayed bringing this motion in the hopes that a favorable ruling on one of two related discovery motions that have been pending for many months would grant access to the documents sought. For example, Beltway issued a subpoena to Ms. Ray's former attorney Elizabeth Simon and another to Mr. Carlton, seeking many of the same documents that have been sought from Ms. Ray. *See* Dkt No. 87-1 (subpoena to Ms. Simon); Dkt. No. 118-1 (subpoena to Mr. Carlton). Disputes about these subpoenas have been ripe for resolution since November 12, 2015 and August 22, 2016, respectively. Since the Court has not yet ruled on either motion, Beltway now seeks relief for Ms. Ray's bad faith discovery responses.

## ARGUMENT

**I.      Ms. Ray's Objections are Untimely and Should be Deemed Waived**

Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure (made applicable to these proceedings via Rule 7034 of the Federal Rules of Bankruptcy Procedure) requires objections to be filed "within 30 days after being served." Absent good cause, untimely objections to discovery are waived. *Caudle v. D.C.*, 263 F.R.D. 29, 33 (D.D.C. 2009). Ms. Ray has made no attempt to explain her tardiness, let alone "good cause." Any untimely objections should be deemed waived.

3

## II. Mr. Sherman's Refusal to Sign the Objections is an Alternative Basis for Waiver

Rule 26(g)(1) (made applicable via Fed. R. Bankr. P. 7026) requires a party's attorney to sign each discovery response and objection:

> (1) *Signature Required; Effect of Signature.* Every . . . discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented— . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> > (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
> >
> > (B) with respect to a discovery request, response, or objection, it is:
> >
> > > (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> > >
> > > (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> > >
> > > (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1). "A party receiving an unsigned discovery submission may properly disregard that response." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 224 (D.D.C. 2013) (citing Fed. R. Civ. P. 26(g)(2)). Mr. Sherman has refused to sign the objections, which provides an independent basis to find that the objections in Ms. Ray's untimely discovery responses have been waived.

## III. Ms. Ray's Primary Objection—the Assertion of Attorney-Client Privilege—Has Already Been Rejected

Ms. Ray objected to each of the requests "on the grounds that it seeks information protected by attorney client privilege and/or work product." Ex. A at 4–5. The Court has already ruled that any privilege that might have existed over these specific categories of documents has been waived.

4

Order, Docket No. 124, at 9, 14–15 (privilege has been waived regarding the handling of Beltway client fees and the account into which such fees should be deposited). This objection is frivolous, and wholly inappropriate.

IV.  **Ms. Ray Appears to Have Conducted an Incomplete Search; Mr. Sherman's Refusal to Certify Indicates a Failure to Fulfill His Discovery-Related Duties**

    A.  **Ms. Ray and Her Counsel Had a Duty to Conduct a Reasonable Search and Produce All Responsive Documents Within Ms. Ray's "Possession, Custody, or Control"**

In accordance with Rule 34, Beltway's requests for production require Ms. Ray to produce all responsive documents within her "possession, custody, or control." Ex. D at 6 ¶ 12; Fed. R. Civ. P. 34(a). An attorney or party has a duty, per Rule 26(g), to perform a reasonable inquiry to determine whether a discovery response is complete and accurate. *See* Fed. R. Civ. P. 26(g)(1); *see also* Fed. R. Civ. P. 26, Advisory Committee Note, 1983 Amendment ("[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand."). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R. Civ. P. 26, Advisory Committee Note, 1983 Amendment. This is an objective standard. *See id.* Courts "*must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both*" for certifications that violate Rule 26(g) "without substantial justification." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 224 (D.D.C. 2013) (quoting Fed. R. Civ. P. 26(g)(3)) (emphasis in original).

As undersigned counsel reminded Mr. Sherman, Ex. B at 2–3 (citing cases in this paragraph), those duties include the duty to independently verify that Ms. Ray's production was complete after a thorough search. *See Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244

5

F.R.D. 614, 630 (D. Colo. 2007) (finding that party's attorneys breached an affirmative obligation to take "independent action to verify the completeness of the [party's] employees' document production . . . . [H]e simply assumed that the materials he received were complete and the product of a thorough search."); *Id.* ("Counsel retains an on-going responsibility to take appropriate measures to ensure that the client has provided all available information and documents which are responsive to discovery requests."); *Qualcomm Inc. v. Broadcom Corp.*, No. 05CV1958-B (BLM), 2008 WL 66932, at *9 (S.D. Cal. Jan. 7, 2008), *vacated in part,* No. 05CV1958-RMB (BLM), 2008 WL 638108 (S.D. Cal. Mar. 5, 2008) ("Attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search. Producing 1.2 million pages of marginally relevant documents while hiding 46,000 critically important ones does not constitute good faith and does not satisfy either the client's or attorney's discovery obligations. Similarly, agreeing to produce certain categories of documents and then not producing all of the documents that fit within such a category is unacceptable."); *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, No. CV 05-1516-RSWL SHX, 2007 WL 2758571, at *20 (C.D. Cal. Sept. 18, 2007) ("Sanctions are . . . mandatory under Rule 26(g), which requires that counsel make a reasonable investigation and effort to certify that the client has provided all information and documents available to it which are responsive to a discovery request—something that New Line's counsel has plainly failed to do here.").

Moreover, the scope of Ms. Ray's search is supposed to have included documents in the possession, custody, or control of Ms. Ray's attorneys, A.P. Carlton, Elizabeth Simon, and their respective law firms. *See S.E.C. v. Levy*, 706 F. Supp. 61, 67 (D.D.C. 1989) (awarding sanctions for failure to produce documents "located at [the party's] present and former attorney's offices").

6

### B. Mr. Sherman Refused to Certify Compliance With His Discovery Obligations, Which Should be Deemed Conclusive Proof of Intentional Non-Compliance

Notwithstanding these obligations, Mr. Sherman has steadfastly refused to certify the objections or responses to the discovery. When asked whether he had "conduct[ed] any independent review to ensure that [Ms. Ray's] production is complete" and whether he "obtain[ed] any documents from Ms. Simon, Vorys, or Carlton," Ex. B at 4, Mr. Sherman replied: "I advised you that I was in possession of documents from Ms. Ray . . . . I further advised that I was in the process of reviewing the items transmitted to me. I am making no other representation concerning the documents at this time." *Id.* at 3. When undersigned counsel reminded Mr. Sherman of his obligation to independently verify a complete search, which includes Ms. Ray's other attorneys, *id.* at 2–3, Mr. Sherman replied, "I am making no representation to you with respect to actions taken in the course of my representation of Ms. Ray." *Id.* at 2.

In response, undersigned counsel stated his belief that "it is fair to infer (1) that [Mr. Sherman] did nothing to independently verify that Ms. Ray's production to [him] is complete; and (2) that [he has] taken no steps to obtain responsive documents from Ms. Ray's other attorneys." *Id.* at 1. Mr. Sherman responded: "Whatever assumptions you choose to make, whatever unilateral yardsticks you choose to erect, is up to you. I am not, and will not and do not consider myself, bound by your ultimate and conclusions." *Id.*

The Federal Rules of Civil Procedure cited above are not "unilateral yardsticks" erected by counsel. *See* Fed. C. Civ. P. 26(g)(1) (requiring attorney certification); *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 226 (D.D.C. 2013) (using the court's inherent power, *sua sponte*, to sanction counsel for failing to certify discovery responses). Nor are the D.C. Rules of Professional Conduct, which require an attorney "to make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party," D.C. Rules of Prof'l Conduct 3.4(d), and announce that

7

"to the extent clients are involved in the effort to comply with discovery requests, the lawyer's obligations are to pursue reasonable efforts to assure that documents and other information subject to proper discovery requests are produced." D.C. Rules of Prof'l Conduct 3.4 cmt 2.

In response to Mr. Sherman's continued evasion, undersigned counsel informed him, "You do realize that you can't avoid your obligations by simply refusing to sign, right?" Ex. E. Mr. Sherman made no response. He has clearly, and in bad faith, refused to fulfill his legal and ethical obligations regarding these discovery requests, and his refusal to make a false certification is no saving grace.

### C.  Ms. Ray's Assertion That There are No Responsive Documents Is Facially Absurd

Ms. Ray asserted that she searched "documents under her control," saying nothing the reasonableness of the search, or whether it included documents in her "possession" or "custody." Ex. A at 5. And after conducting this obviously-cramped and unreasonable search, Ms. Ray asserts that "no documents have been withheld from production on the basis of [her] objections." *Id.* at 4, 5. This is an obvious lie. It is highly unlikely, if not impossible, that no responsive documents exist. Ms. Ray has asserted that everything she did in connection with Beltway was done on the advice of her counsel, *see*, *e.g.*, Mot. to Compel, Dkt. No. 88, at 5 (citing eight different times Ms. Ray invoked advice of counsel); Order, Docket No. 124, at 9, 14–15 (privilege has been waived regarding the handling of Beltway client fees and the account into which such fees should be deposited), and we know that she communicates (and communicated) frequently via email. Such answers are why the rules require the party's attorney—who is bound by the Rules and independent professional obligations—to conduct a reasonable search before making such an assertion.

**CONCLUSION**

For the foregoing reasons, this Court should order Mrs. Ray and her counsel to conduct a reasonably-thorough search of Mrs. Ray's documents and the documents of both of her former attorneys (Mr. Carlton and Ms. Simon) immediately produce anything responsive. In addition, Ms. Ray and her counsel should be ordered to pay the attorneys' fees and costs required for filing this motion.

**NOTICE**

Beltway and Chafetz have filed a Motion to Compel Documents seeking to compel discovery, with the hearing set for Thursday, January 26, 2017 at 10:30 a.m. and opposition briefs due on or before January 17, 2017.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney. If you do not want the Court to grant the relief sought in the above-captioned motion, or if you want the Court to consider your views on the above-captioned motion, then:

- On or before January 17, 2017, you or your attorney may file with the Court a written objection to the above-captioned motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

- If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

- You must also mail a copy of your objection to:

>Timothy R. Clinton (D.C. Bar no. 497901)
>**CLINTON BROOK & PEED**
>1455 Pennsylvania Ave. N.W., Suite 400
>Washington, DC 20004

- If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the above-captioned motion and may enter an order granting relief. The Court will grant the above-captioned without a hearing, and may grant the above-captioned without waiting for your opposition.

January 3, 2017                                                       Respectfully submitted,

>/s/
>Timothy R. Clinton (D.C. Bar no. 497901)
>**CLINTON BROOK & PEED**
>1455 Pennsylvania Ave. N.W., Suite 400
>Washington, DC 20004
>(202) 621-1828 (tel)
>(202) 204-6320 (fax)

## CERTIFICATE OF SERVICE

I, Timothy R. Clinton, hereby certify that on this date I caused a true and correct copy of the above document to be served upon Petitioner Susan Ray as follows:

**BY FIRST CLASS MAIL & E-MAIL**
Jeffrey Sherman, Esq., jeffreymsherman@gmail.com
*Counsel for Mrs. Ray*

Dated: January 3, 2017

/s/ Timothy R. Clinton
Timothy R. Clinton

## CERTIFICATION RE GOOD FAITH EFFORTS TO CONFER

I, Timothy R. Clinton, hereby certify that I made good faith efforts to confer with counsel for Mrs. Ray regarding the subject of this motion, in an effort to obtain complete answers and responses without court intervention. Those efforts were unsuccessful.

Dated: January 3, 2017

/s/ Timothy R. Clinton
Timothy R. Clinton