The order below is hereby signed.

Signed: September 29 2017



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BELTWAY LAW GROUP, LLP, | ) | Case No. 14-00380 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

ORDER RE DEBTOR'S
MOTION TO COMPEL DISCOVERY (DKT. NO. 127)

The debtor has filed a motion to compel (Dkt. No. 127) Susan Ray to produce certain documents related to communications she had with attorneys and law firms that represented her concerning the debtor's client fees and accounts.  Even though the court determines that the debtor was entitled to have Ray obtain responsive documents from the attorneys and law firms that represented her, and grants the motion to compel (Dkt. No. 127) in that regard, the need for her to obtain documents from the attorneys and law firms may now be moot.

The documents the debtor seeks are communications between Ray and Voyrs, Sater, Seymour and Pease LLP ("Voyrs Law Firm") and Alfred Carlton, Jr.  The Voyrs Law Firm has produced documents and Carlton has died.  Accordingly, the court will

order the debtor to state whether this aspect of the motion, whether there is any need now to obtain the documents, is moot.

The court finds it appropriate to grant sanctions in this case because the objections were untimely and were not signed by counsel.  The documents are relevant because they may provide information relevant to the issue of bad faith under 11 U.S.C. § 303(i).  Nevertheless, Ray's responses were untimely.  Fed. R. Civ. P. 34(b)(2)(A), made applicable in bankruptcy by Fed. R. Bankr. P. 7034 and 9014(c), requires parties to respond to discovery requests "within 30 days after being served."  Ray did not file objections or provide responses until 33 days after being served.  Ray asserts that she had surgery on her knee that made it difficult for her to sit at a desk and she was told by medical personnel to avoid stressful situations.  However, no evidence was produced to support that contention and no motion for enlargement of time was ever filed.  Moreover, Ray did not request documents from the Voyrs Law Firm or Carlton.  That failure was not substantially justified.  When the objections became untimely, Ray should have taken steps to gather the documents from the Voyrs Law Firm and Carlton, should the court have ruled against her on the matter of timeliness.  Additionally, Fed. R. Civ. P. 26(g), made applicable to bankruptcy by Fed. R. Bankr. P. 7026 and 9014(c), requires that objections to discovery requests must be signed by counsel or the

party if unrepresented.  Ray has hired Jeffrey Sherman to represent her in this matter and Sherman has refused to sign the objections.  Thus the court will grant sanctions against Ray even if the need to have her obtain those documents is now moot.

As to documents in Ray's own possession, the court agrees with Sherman that he adequately investigated compliance with the request in that regard.  However, Sherman was also required to sign the responses under 26(g) and his failure to have Ray obtain the documents from the Voyrs Law Firm and Carlton is sanctionable.

It is thus

ORDERED that Susan Ray was obligated to request Voyrs, Sater, Seymour and Pease LLP and Carlton to produce documents, and the motion is GRANTED in that regard.  It is further

ORDERED that within 14 days after entry of this order, the debtor shall show cause why the request to enter an order directing Susan Ray to now obtain documents from Vorys, Sater, Seymour and Pease LLP and Carlton ought not be dismissed as moot. It is further

ORDERED that the request for sanctions is GRANTED and within 21 days after entry of this order, the debtor shall file a statement of attorney's fees, and within 21 days after the filing of the same, Susan Ray and Jeffrey Sherman may file an opposition

to the reasonableness of the fees, and within 7 days after the filing of the opposition the debtor may file a reply.

[Signed and dated above.]

Copies to: John Ray; recipients of e-notification of filings.