# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE BELTWAY LAW GROUP, LLP, | ) ) | |
| a/k/a American Law Partners LLP, | ) ) | Case No. 14-380 |
| Debtor. | ) ) ) | Chapter 7 |

## STATEMENT OF ATTORNEY'S FEES

Marc Chafetz, Managing Partner of Debtor Beltway Law Group, LLP ("*Beltway*"), and Beltway, by and through undersigned counsel, pursuant to the Court's Order of October 2, 2017 (Dkt. No. 209), submit this list of attorney's fees resulting from Mr. Sherman's "failure to have [Susan] Ray obtain [certain] documents from [her former attorneys,] the Vorys Law Firm and Carlton.":

\* \* \*

In its Order re Debtor's Motion to Compel (Dkt. No. 209), the Court granted debtor's motion to compel petitioner Susan Ray (Dkt. No. 127) to produce certain "communications she had with attorneys and law firms that represented her concerning the debtor's client fees and accounts." Dkt No. 209, at 1. Mrs. Ray and her attorney Jeffrey Sherman had (falsely) claimed that they had no responsive documents within their possession, custody, or control, so Beltway had to pursue them from other sources: John Ray, the Vorys Law Firm, and Mr. Carlton. After months of correspondence and motions practice, Beltway finally received the documents from Vorys that it should have received from Mrs. Ray in the first place. Clinton Aff. ¶ 3. Had Mrs. Ray produced those 43 documents as required to do, Beltway would not have sought any further discovery from Mr. Ray, the Vorys Law Firm, or Carlton, at all. *Id.* ¶ 4.

Accordingly, we submit that the attorney's fees associated with the motion to compel Mrs. Ray (Dkt. No. 209) as well as the efforts to obtain the same documents from Mr. Ray, the Vorys Law Firm, and A.P. Carlton, were all caused by Mr. Sherman's "failure" to fulfill his duties in the first place, and accordingly, are compensable.

**I.  Hourly Rate**

I (undersigned counsel) am a graduate of Harvard University (A.B.) and the University of Virginia School of Law (J.D.), where I was a member of the Order of the Coif and Articles Editor for the Virginia Law Review. Clinton Aff. ¶ 5. I am the founding partner of Clinton Brook & Peed, and am presently in my thirteenth year of active practice, which focuses on litigation. *Id.* My firm regularly charges our clients between $375 to $550 per hour for my time, although I devote a substantial amount of time to *pro bono* representation and on an alternative fee basis (e.g., contingency, hybrid, or flat fee engagements). *Id.*

According to the updated *Laffey* matrix, the appropriate hourly rate is $717. http://www.laffeymatrix.com/see.html. Under the U.S. Attorney's Office's *Laffey* Matrix, the appropriate hourly rate is $483. https://www.justice.gov/usao-dc/file/796471/download. We request that our fees be compensated at an hourly rate of $550 per hour, which is substantially lower than the prevailing rate recommended by the updated *Laffey* matrix, and only slightly above the rate recommended by the U.S. Attorney's Office.

**II.  Hours Caused by Sherman's Failure**

Had Mrs. Ray and Mr. Sherman fulfilled their obligations in discovery, the documents Beltway sought would have been produced in discovery by Mrs. Ray herself, and Beltway would not have had to cast a wide net to try and find someone unwilling to demonstrate contempt for the legal system by refusing to produce the most important documents in this case. Clinton Aff. ¶ 4. But that is not the course they elected to pursue. Mrs. Ray pretended she did not have her own

email correspondence, and Mr. Sherman was willing to look the other way (but to his credit, he was unwilling to make out a false certification). As a result, all of the attorney's fees associate with the efforts to obtain documents from John Ray, the Vorys Law Firm, and Carlton were all caused by Mr. Sherman's failure, and are thus compensable. In addition, if the Court ultimately determines that fee-shifting is appropriate in response to Vorys' request (Dkt. No. 200), all such fees and expenses should be borne by Mr. Sherman.

Beltway seeks an award of 76 hours of compensable time at $550 per hour, or $41,800.00, which are based on my contemporaneous time records. Clinton Aff. ¶ 6. The hours are broken down as follows:

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 9/14/2016 | 1.70 | Reviewing court's opinion on motion to compel; phone conference with Mr. Chafetz re same; drafting new discovery requests consistent with court's order |
| 9/15/2016 | 0.10 | Finalizing discovery requests and sending to Mrs. Ray |
| 10/11/2016 | 0.30 | Correspondence with Mr. May (Vorys) re Judge Teel's rulings on waiver of a-c privilege |
| 10/11/2016 | 1.40 | Reviewing motion to quash by John Ray, phone conference with Mr. Chafetz re same, and preparing outline for opposition |
| 10/15/2016 | 1.60 | Drafting opposition to John Ray motion to quash |
| 10/16/2016 | 3.30 | Drafting opposition to John Ray motion to quash |
| 10/18/2016 | 0.60 | Drafting opposition to John Ray motion to quash |
| 10/19/2016 | 1.30 | Drafting opposition to John Ray motion to quash |
| 10/19/2016 | 0.60 | Discovery correspondence with Mr. Sherman and legal research re same |
| 10/21/2016 | 0.40 | Reviewing discovery responses from Mrs. Ray; correspondence with Mr. Chafetz and Mr. Sherman re same |
| 10/24/2016 | 0.10 | Reviewing signatures provided by Mr. Sherman regarding discovery |
| 12/17/2016 | 2.40 | Drafting motion to compel Mrs. Ray |
| 12/18/2016 | 2.30 | Drafting motion to compel Mrs. Ray |
| 1/2/2017 | 0.60 | Revising draft motion to compel Mrs. Ray |

3

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 1/3/2017 | 1.20 | Finalizing draft motion to compel Mrs. Ray; phone conference with clerk re scheduling hearing; updating Mr. Chafetz re hearing and other matters |
| 1/14/2017 | 1.10 | Reviewing discovery motions in preparation for hearing |
| 1/19/2017 | 1.60 | Drafting reply in support of motion to compel Ms. Ray |
| 1/20/2017 | 1.60 | Drafting and filing reply in support of motion to compel Ms. Ray |
| 1/24/2017 | 0.30 | Reviewing John Ray motions and correspondence re same |
| 1/25/2017 | 4.80 | Drafting responses to Mr. Ray's most recent filings re attempts to quash discovery |
| 1/26/2017 | 2.30 | Preparing for hearing on various discovery motions (motion to compel Mrs. Ray, Motions to quash by Mr. Ray, Vorys, and Carlton) |
| 1/26/2017 | 0.70 | Discussions with Mr. Chafetz and opposing counsel prior to hearing on discovery motions |
| 1/26/2017 | 2.10 | Hearing on discovery motions and brief substantive meeting with Mr. Chafetz afterwards |
| 1/27/2017 | 0.50 | Reviewing court's order re discovery from Vorys; correspondence with opposing counsel re how to produce documents |
| 1/31/2017 | 1.40 | Reviewing discovery requests; phone conference with counsel for Vorys re search terms and production generally; phone conference with Mr. Chafetz re same; correspondence with Mr. Ray re discovery |
| 2/2/2017 | 3.70 | Preparing for hearing re Vorys motion to quash; pre-hearing conference with opposing counsel re how to review and cull document set; hearing; phone conference with Mr. Chafetz after hearing; post-hearing conference with opposing counsel |
| 2/11/2017 | 1.30 | Reviewing Vorys privilege log and legal research re same; correspondence with opposing counsel re same; phone conference with Mr. Chafetz re same |
| 2/19/2017 | 4.70 | Drafting opposition to John Ray latest motion to quash, and legal research re same; drafting response re privilege log |

4

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 2/20/2017 | 1.00 | Finalizing opposition to John Ray Motion to Quash |
| 3/3/2017 | 2.70 | Preparing for hearing re Vorys motion to quash, travel to/from hearing, participating in hearing, and phone conference with Mr. Chafetz after hearing |
| 7/11/2017 | 4.10 | Legal research re fee-shifting for nonparty subpoena; reviewing produced documents for purposes of opposing Vorys petition for fees |
| 7/12/2017 | 0.80 | Legal research re fee-shifting for nonparty subpoena; reviewing produced documents for purposes of opposing Vorys petition for fees |
| 7/13/2017 | 1.60 | Reviewing produced documents for purposes of opposing Vorys petition for fees |
| 7/14/2017 | 0.90 | Reviewing produced documents for purposes of opposing Vorys petition for fees |
| 7/15/2017 | 1.10 | Reviewing produced documents for purposes of opposing Vorys petition for fees |
| 7/16/2017 | 1.00 | Drafting opposition to Vorys petition for fees |
| 7/17/2017 | 2.60 | Drafting opposition to Vorys petition for fees |
| 7/18/2017 | 3.10 | Drafting opposition to Vorys petition for fees |
| 7/21/2017 | 4.20 | Drafting opposition to Vorys petition for fees |
| 7/23/2017 | 3.70 | Drafting opposition to Vorys petition for fees |
| 7/23/2017 | 3.70 | Drafting opposition to Vorys petition for fees |
| 7/23/2017 | 1.50 | Drafting opposition to petition for fees |

October 23, 2017                                              Respectfully submitted,


/s/
Timothy R. Clinton (D.C. Bar no. 497901)
**CLINTON BROOK & PEED**
1455 Pennsylvania Ave. N.W., Suite 400
Washington, DC 20004
(202) 621-1828 (tel)
(202) 204-6320 (fax)

*Attorney for Beltway and Chafetz*

5

## CERTIFICATE OF SERVICE

I, Timothy R. Clinton, hereby certify that on this date I caused a true and correct copy of the above document to be served upon Petitioner Susan Ray via ECF and by email to Jeffrey Sherman, Esq., jeffreymsherman@gmail.com.

Dated: October 23, 2017

/s/ Timothy R. Clinton
Timothy R. Clinton

## AFFIDAVIT

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, formed after a reasonable inquiry under the circumstances, and further that the services for which fees have been charged were actually and necessarily performed.

Dated: October 23, 2017                    /s/ Timothy R. Clinton