**FILED**
**DEC 1 2 2017**
Clerk, U.S. District and
Bankruptcy Courts

CASE HEARING SUMMARY
(This is NOT an ORDER)

Date: 12/12/2017 Time: 10:30

**CASE: 14-00380 Beltway Law Group, LLP : CHAPTER 7**
PRO SE John Ray (Movant)

PRO SE Susan Ray (Petitioning Creditor)

Timothy R. Clinton representing Beltway Law Group, LLP (Alleged Debtor)
(no aty) representing U. S. Trustee for Region Four (U.S. Trustee)

[4] Motion For Summary Judgment *and Attorney's Fees, Costs, and Punitive Damages* Filed by Marc Chafetz, Beltway Law Group, LLP (Attachments: # **1** Exhibit 01 - Clinton Decl. # **2** Exhibit 02 - Chafetz Decl. # **3** Exhibit 03 # **4** Exhibit 04 # **5** Exhibit 05 # **6** Exhibit 06 # **7** Exhibit 07 # **8** Exhibit 08 # **9** Exhibit 09 # **10** Exhibit 10 # **11** Exhibit 11 # **12** Exhibit 12 # **13** Exhibit 13 # **14** Exhibit 14 # **15** Exhibit 15 # **16** Exhibit 16 # **17** Exhibit 17 # **18** Exhibit 18 # **19** Exhibit 19 # **20** Exhibit 20 # **21** Exhibit 21 # **22** Exhibit 22 # **23** Exhibit 23 # **24** Exhibit 24 # **25** Exhibit 25 # **26** Exhibit 26 # **27** Exhibit 27 # **28** Exhibit 28 # **29** Exhibit 29 # **30** Exhibit 30 # **31** Exhibit 31 # **32** Exhibit 32 # **33** Exhibit 33 # **34** Exhibit 34 # **35** Exhibit 35 # **36** Exhibit 36 # **37** Exhibit 37 # **38** Exhibit 38 # **39** Exhibit 39 # **40** Exhibit 40 # **41** Exhibit 41 # **42** Exhibit 42 # **43** Exhibit 43 # **44** Exhibit 44 # **45** Exhibit 45 # **46** Exhibit 46 # **47** Exhibit 47 # **48** Exhibit 48 # **49** Exhibit 49 # **50** Exhibit 50 # **51** Exhibit 51 # **52** Exhibit 52 # **53** Exhibit 53 # **54** Exhibit 54 # **55** Exhibit 55 # **56** Exhibit 56 # **57** Exhibit 57 # **58** Exhibit 58 # **59** Exhibit 59 # **60** Exhibit 60 # **61** Exhibit 61 # **62** Exhibit 62 # **63** Exhibit 63 # **64** Exhibit 64 # **65** Exhibit 65 # **66** Exhibit 66 # **67** Exhibit 67 # **68** Exhibit 68 # **69** Exhibit 69 # **70** Exhibit 70 # **71** Exhibit 71 # **72** Exhibit 72 # **73** Exhibit 73 # **74** Exhibit 74 # **75** Exhibit 75 # **76** Exhibit 76 # **77** Exhibit 77 # **78** Exhibit 78 # **79** Exhibit 79 # **80** Exhibit 80 # **81** Proposed Order)

**MOVANT** : Marc Chafetz Beltway Law Group, LLP BY T Clinton; J Sherman; T Clinton;

DE# 70 order re MFSJ         DE# 223 S. Ray obj to DE 214
DE# 209 order re motion to compel   DE# 224 Beltway reply
DE# 214 statement of fees       DE# _____
DE# 217 order setting hrg       DE# _____

[221] Motion to Reconsider *Reimbursement of Unnecessary Review Time* Filed by Beltway Law Group, LLP, Marc Chafetz (Re: Related Document(s) #:216 Memorandum Decision.)

**MOVANT** : Beltway Law Group, LLP Marc Chafetz BY T Clinton; T Clinton; J Sherman;

DE# 216 memo. decision       DE# 228 order set hrg
DE# 226 Vorys opposition      DE# _____
  227 Beltway reply

DE# ____ _____    DE# ____ _____

DE# ____ _____    DE# ____ _____

[222] Motion to Reconsider Filed by Susan Ray (Re: Related Document(s) #:209 Order Directing Compliance.) (Attachments: # 1 Proposed Order)

**MOVANT** : Susan Ray (no aty)

DE# 225 Beltway opposition    DE# ____ _____

DE# 229 order set hrg    DE# ____ _____

DE# 231 Motion to continue    DE# ____ _____

DE# ____ _____    DE# ____ _____

DISPOSITIONS:
  Granted____   Sustained____   Denied____
  Overruled____ Withdrawn____   Under Adv.____
  Moot____      Consent____     Dismissed____
  Continued to: _____, 20____, AT ____:____ ____.M.
  Proposed Order To Be Submitted By ____/____/____
  By [ ]Court [ ]Movant [ ]Opposing Party [ ]Trustee [ ]Jointly

DECISION:

  [ ] Signed by Court            [ ] Filed by Counsel
  [ ] To be prepared by:
      [ ] Movant's counsel       [ ] Court
      [ ] Respondent's counsel   [ ] Other _____

NOTES:

As to Susan Ray, Clinton reports that he is investigating whether she is judgment proof. Court, with C's agreement, sets January 19, 2018 as deadline to file a MFSJ if C's client decides to go that route.

_____
S. Martin Teel, Jr., United States Bankruptcy Judge

Attached hereto is the e-mail chain handed up today.

## John T. May

| | |
|---|---|
| **From:** | Timothy Clinton <Tim@clintonbrook.com> |
| **Sent:** | Thursday, February 02, 2017 12:26 PM |
| **To:** | John T. May |
| **Subject:** | Re: following up regarding documents |
| **Attachments:** | 118-5 Exhibit 5.pdf |

First question: on Tuesday, you said you were going to find "tomorrow" (yesterday) the two documents responsive to Request 1. Have you found them? Attached is Judge Levie's order from August 8, 2014 describing how the documents had been given to him previously. I do not recall receiving notice that these were provided *ex parte* before this order came down, so I do not know exactly when they were passed along.

Second Question: about the documents, as someone who has done quite a bit of e-discovery, what you are telling me is highly suspect. Are you able to bring Julie Brown, or someone else from Vorys's e-discovery team to the hearing, or have her call in? What you are describing sounds ludicrous, and I spoke to our own e-discovery consultant (from Cicayda) a few minutes ago to confirm.

If the emails were processed properly, you should be able to do a two-step process:

Step one: Run a search for:

emails AND (to(johndeeray@hotmail.com) OR from(johndeeray@hotmail.com) OR cc(johndeeray@hotmail.com) OR bcc(johndeeray@hotmail.com))

[Your platform will have its own syntax and field tags, but this is the basic structure of the search.]

Your search should only return "hits" that are emails on which Mr. Ray was a party, regardless of whether the email was a "parent" or attached to another email. Of course, those "family relationships" are preserved in your database, but they don't show up as "hits." That would be crazy.

Step two: At a minimum, even the most rudimentary system should allow you to produce the "natives" of all of the "hits." Producing those natives would also automatically include any attachments to the hits, and will not include any "parents" (I.e., we would get the emails from John and their attachments, and the emails from John that were attached to a privileged email, without the privileged email attaching John's email).

If the platform is anything more than rudimentary (and Conduent and Vorys both brag that it is a particularly sophisticated platform), you should be able to instantly bulk-tag all of your hits and all of their attachments as OCR'd TIFFs plus natives with a load file, without inadvertently including "parents" to which John was not a party.

Step Three: You can run a search for all documents that have *not* been produced, and see how many documents remain.

Step Four: From that data set, it should take no more than 5-10 minutes for someone who knows how to use the platform to run a series of chronological searches segregating out the data set along the lines I suggested

(e.g., before June 2013; June 2013 to September 2013; October 2013; November 2013-April 2014; May 2014-July 2014; after July 2014).

Once we know how many documents fit into those categories, it should be easy to decide if/when/how to use search terms to reduce the data set.

If any of this is confusing for you, please make arrangements for one of Vorys's e-discovery consultants to be available to testify today at 2pm. I'd appreciate it.

Finally, why do you need to review the John Ray emails at all? The Court already ordered them all to be produced, and denied your claims of privilege.

Thanks,

Tim


Tim Clinton | **CLINTON BROOK & PEED**
1455 Pennsylvania Ave NW, Suite 400
Washington, DC 20004
(202) 621-1828
fax: (202) 204-6320
www.ClintonBrook.com
Tim@ClintonBrook.com

🌲 Please consider the environment before printing this e-mail. Thank you.

*This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.*

*U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.*

---

**From:** John T. May <jtmay@jocs-law.com>
**Sent:** Thursday, February 2, 2017 10:57:39 AM
**To:** Timothy Clinton
**Subject:** RE: following up regarding documents

Mr. Clinton:

We have been trying to determine how many emails fall within Request No. 2, emails to which VSSP and John Ray were a party. The only email address we know of for John Ray is johndeeray@hotmail.com. We disconnected the parents from their attachments and searched all items separately for emails that included John Ray, either as parent emails or attachments. This search yielded 1289 hits. The problem is that when we disconnect the parents from the attachments we lose the attachments. This is a problem for emails that were themselves attachments to another email. Each time we find a John Ray email that has one or more attachments, we will have to flag it so that we can go back and connect it to its attachment(s), so that you get the whole email. I am not sure how long this is going to take.

In any event, I propose that we start with the John Ray emails. I need to look at these emails and flag them properly before they can be produced. I propose 10 business days from tomorrow, or February 16, to get that done.

Once your receive that production, you can review it to determine if there are appropriate search terms that will narrow down the number of documents that remain to be searched.

As it stands now, I do not think we are in a position to estimate how long it will take to complete the production until you have had a chance to propose search terms. The time for reviewing the remaining documents could be substantial. For each document, the reviewer (probably me) needs to review the email (sometimes there are multiple emails in one thread), determine which request number it is responsive to, determine whether the communication is privileged and, if so, create a description that is detailed enough to describe the document without waiving the privilege.

As a result, I propose that we suggest to Judge Teel that we will do our best to come up with a plan by February 28, 2017, for producing the remaining documents. If we can come up with a plan earlier than that, so much the better.


John May

**From:** Timothy Clinton [mailto:Tim@clintonbrook.com]
**Sent:** Wednesday, February 01, 2017 8:29 PM
**To:** John T. May
**Subject:** Re: following up regarding documents

Hi John,

Just following up from our conversation of yesterday morning. I hope you're recovering from your oral surgery; that never is fun. Have you been able to run those searches we discussed?

Regards,

Tim


Tim Clinton | CLINTON BROOK & PEED
1455 Pennsylvania Ave NW, Suite 400
Washington, DC  20004
(202) 621-1828
fax: (202) 204-6320
www.ClintonBrook.com
Tim@ClintonBrook.com

Please consider the environment before printing this e-mail. Thank you.

*This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.*

**U.S. Treasury Circular 230 Notice:** *Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.*

---

**From:** Timothy Clinton
**Sent:** Tuesday, January 31, 2017 11:17:56 AM
**To:** John T. May
**Subject:** Re: following up regarding documents

Just left you a phone message; please call on my cell, 202.905.7255

Thanks,

Tim

Tim Clinton | **CLINTON BROOK & PEED**
1455 Pennsylvania Ave NW, Suite 400
Washington, DC 20004
(202) 621-1828
fax: (202) 204-6320
www.ClintonBrook.com
Tim@ClintonBrook.com

Please consider the environment before printing this e-mail. Thank you.

*This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.*

*U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.*

---

**From:** John T. May <jtmay@jocs-law.com>
**Sent:** Tuesday, January 31, 2017 10:58:53 AM
**To:** Timothy Clinton
**Subject:** RE: following up regarding documents

I just left you a message.

Please give me a call.

John


JOHN TREMAIN MAY, ESQ.
DC, MD & VA BARS
**JORDAN COYNE LLP**
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Office: (703) 246-0905
Fax: (703) 591-3673
E-mail: jmay@jocs-law.com
Web: www.jordancoyne.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is PRIVILEGED AND CONFIDENTIAL. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.


**From:** Timothy Clinton [mailto:Tim@clintonbrook.com]
**Sent:** Tuesday, January 31, 2017 9:52 AM

**To:** John T. May
**Subject:** RE: following up regarding documents

Yes

Sent from my Sprint Samsung Galaxy S® 6.

-------- Original message --------
From: "John T. May" <jtmay@jocs-law.com>
Date: 1/31/17 9:39 AM (GMT-05:00)
To: Timothy Clinton <Tim@clintonbrook.com>
Subject: RE: following up regarding documents

Are you available around 11?

John

**From:** Timothy Clinton [mailto:Tim@clintonbrook.com]
**Sent:** Tuesday, January 31, 2017 6:58 AM
**To:** John T. May
**Subject:** Re: following up regarding documents

Mr. May,
I am available to speak this morning if you are still available. Please call at your convenience.
Regards,
Tim

Tim Clinton | CLINTON BROOK & PEED
1455 Pennsylvania Ave NW, Suite 400
Washington, DC 20004
(202) 621-1828
fax: (202) 204-6320
www.ClintonBrook.com
Tim@ClintonBrook.com

Please consider the environment before printing this e-mail. Thank you.

*This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.*

**U.S. Treasury Circular 230 Notice:** *Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.*

---

**From:** Timothy Clinton
**Sent:** Friday, January 27, 2017 10:55 PM
**To:** John T. May
**Subject:** Re: following up regarding documents

Also, in terms of search terms, it would be helpful to prioritize providing the Word version of the attached document, which Ms. Simon produced in discovery, as well as any prior drafts.

And then, if you are able to segregate the documents by date as I suggested, it would be helpful to know how many "hits" those dates generated so we can decide whether we need to narrow the universe of documents even further.

Please get back to me when you can.

Warm regards,

Tim


Tim Clinton | **CLINTON BROOK & PEED**
1455 Pennsylvania Ave NW, Suite 400
Washington, DC  20004
(202) 621-1828
fax: (202) 204-6320
www.ClintonBrook.com
Tim@ClintonBrook.com

Please consider the environment before printing this e-mail. Thank you.

*This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.*

<u>**U.S. Treasury Circular 230 Notice**</u>**:** *Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.*

---

**From:** Timothy Clinton
**Sent:** Friday, January 27, 2017 10:19:53 PM
**To:** John T. May
**Subject:** Re: following up regarding documents

I'm sorry to hear about the root canal and crown. I've been there; not a fun experience.

I think the most efficient thing will be for us to work in parallel and get as much done by email as we can. I'm also quite busy, and do not believe it makes sense to wait until the eve of the possible hearing to begin trying to work these issues out.

After reviewing the Court's order in more detail, I propose the following:

Within 7 days:
* Produce or create a privilege log and submit *in camera* the two docs responsive to RFP 1.
* Produce all documents responsive to RFP 2. The court ordered you to produce these "without further delay," and these should be very easy to identify.

Within 14 days:
* Produce all non-privileged docs & a privilege log for all documents created between October 1, 2013 and October 31, 2013.

Within 21 days:
* Produce all non-privileged docs & a privilege log for all documents created between July 1, 2013 and September 30, 2013.

Within 28 days:
* Produce all non-privileged docs & a privilege log for all documents created between October 31, 2013 and April 18, 2014.

Within 60 days:
* Produce all non-privileged docs & a privilege log for all other responsive documents.

This seems like it should be a very achievable schedule, and I am sure you are able to segregate documents by date, correct?

I look forward to hearing back from you.

Regards,

Tim



Tim Clinton | **CLINTON BROOK & PEED**
1455 Pennsylvania Ave NW, Suite 400
Washington, DC  20004
(202) 621-1828
fax: (202) 204-6320
www.ClintonBrook.com
Tim@ClintonBrook.com

Please consider the environment before printing this e-mail. Thank you.

*This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.*

*U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.*

---

**From:** John T. May <jtmay@jocs-law.com>
**Sent:** Friday, January 27, 2017 5:09:32 PM
**To:** Timothy Clinton
**Subject:** RE: following up regarding documents

Mr. Clinton:

I agree that we need to work diligently to comply with the Court's order. Unfortunately my schedule is tight next week. Is it possible to talk by telephone Tuesday in the late morning? If you think it would be more productive to meet, you could come to my office. Unfortunately, I would have to leave shortly after 1:00 for a couple of dental appointments (follow up for root canal and installation of a permanent crown). If we cannot get everything done on Tuesday, I am free all day Wednesday, but I don't want to wait until the last minute.

John May

**From:** Timothy Clinton [mailto:Tim@clintonbrook.com]
**Sent:** Friday, January 27, 2017 3:45 PM
**To:** John T. May
**Subject:** following up regarding documents

Mr. May,

Can you give me a sense of the time periods that your documents cover, and what type of documents they include (e.g., memos, emails, et cetera)? I want to work with you to come up with targeted searches, and a schedule for production / privilege log that prioritizes the most important information in an economical way.

We also will want to talk about format of production. In the Arbitration, Ms. Simon insisted on PDF production, but that deprived us of key metadata information with regards to a handful of documents. So long as metadata is preserved somewhere, I am perfectly OK with PDF production, but there are a handful of documents for which I will insist on native production that preserves metadata. That includes the Excel worksheet--produced to us in the Arbitration in PDF form, so not privileged--showing the alleged *expenses* of Ms. Ray and BDS/LCL, as well as the Word documents--also produced in PDF form--in which Ms. Ray identified the marketing fees that Beltway allegedly owed to LCL/BDS. Knowing when each of those documents was first created and last modified (and who was the author) could help us substantially in identifying the relevant time periods for production.

I look forward to working with you to handle this efficiently.

Regards,

Tim

Tim Clinton | CLINTON BROOK & PEED
1455 Pennsylvania Ave NW, Suite 400
Washington, DC  20004
(202) 621-1828
fax: (202) 204-6320
www.ClintonBrook.com
Tim@ClintonBrook.com

Please consider the environment before printing this e-mail. Thank you.

*This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any unauthorized dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.*

*U.S. Treasury Circular 230 Notice:  Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.*